IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATHAN EARL SANDERS,

        Petitioner,

v.                                                                      CIV 99-1185 JP/KBM

JOE R. WILLIAMS, Warden,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Nathan Sanders petitions this Court for a Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 By A Person In State Custody. *Doc. 1.* Because it is possible to resolve the issues on the pleadings and materials submitted for the record, I find that an evidentiary hearing is not necessary. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *petition for cert. filed 5/10/00;* Rule 8(a), *Rules Governing Habeas Corpus Under Section 2254.* Having considered the arguments, record, and relevant law, I find that the petition is without merit, recommend that it be denied, and recommend that this action be dismissed with prejudice.

### I. Procedural Background

Police officers found cocaine in Sanders' pocket while searching for a stolen TV and silverware in his hotel room pursuant to a warrant. The stolen items apparently were not found and Sanders was charged with drug trafficking. Sanders was tried with the person who tried to flee from the motel room when the officers entered. The trial court denied Sanders' motion to suppress and a jury found him guilty. Having had four prior felony convictions, on November 22,

1995 the trial court sentenced Sanders to a total of seventeen years incarceration to be followed by two years parole. *Answer, Exh. A.*[1]

## A. Direct Appeal

Represented by counsel, Sanders appealed. After proceedings on the summary calendar, eventually the case was assigned to the general calendar and three issues were presented for review: (1) denial of the motion to suppress as error based on the argument that the cocaine taken from the pocket of Sanders' pants constituted fruits of an illegal search; (2) ineffective assistance of counsel ("IAOC") based on counsel's failure to challenge an officer's testimony regarding inculpatory statements made by Sanders; and (3) sufficiency of the evidence based on the argument that the evidence was consistent with possession rather than drug trafficking. *See Exhs. C, I.*

The appellate court found it needed findings and conclusions from the trial court to decide the motion to suppress issue and remanded for that limited purpose. *Exh. K.* On remand, the trial court found as a matter of fact that:

- An informant told police that she traded stolen property for cocaine in the hotel room where Sanders was staying; based on this information the search warrant issued.

- The officers executing the warrant directed Sanders to lie on the floor because his codefendant fled the room.

- The officers noticed a pouch containing syringes on the table and pieces of paper ("bindles") used to package drugs near Sanders' feet.

- After one of the officers saw Sanders trying to conceal the papers under the bed and conceal something in his pants, "for officer safety and pursuant to standard procedure," he patted down Sanders.

---

[1] Unless otherwise noted, references to exhibits are to those contained in the Answer.

2

The pat down led to the discovery of a plastic bag in Sanders' pocket that contained bindles of cocaine.  During the pat down Sanders told the officer that the plastic bag contained money, so the officer pulled the plastic bag out of Sanders' pants to (1) secure it so the officer "would not be blamed if it disappeared" and (2) to "inventory" the money should Sanders be arrested.  The trial court did not make specific factual findings concerning the pat down, the officer's testimony was not disputed, and the trial court did conclude as a matter of law that removing the plastic bag was justified "to protect against any claim that money or valuables might have been taken from Defendant by police officers." *See Exh. I, at 7-8; Exh L, ¶¶14-20; Exh. M, ¶¶ 28-34; Exh. N, at 3.*

After supplemental briefing, in an unreported opinion dated January 12, 1998, the New Mexico Court of Appeals denied relief on all three claims.  Its held that the seizure of the plastic bag fell outside the scope of the warrant, that a pat down was justified by safety concerns, but that the removal of the plastic bag was not justified by safety concerns because the officer "testified he was not concerned that the object in Defendant's pocket was a weapon." *Exh. Q, at 4.*  After a thorough analysis it found, however, that the episode involved a valid warrantless arrest based on probable cause and exigent circumstances and, therefore, seizure of the plastic bag constituted a valid inventory search incident to arrest. *Id. at 4-7.*  It rejected Petitioner's ineffective assistance of counsel claim both on the merits and on the ground that it would not reach a factual conclusion urged by defense counsel because the record needed to be developed in state habeas proceedings.  It further found that the evidence was sufficient to support Sanders' trafficking conviction. *See id. at 9-11.*  The New Mexico Supreme Court denied certiorari on April 16, 1998. *State v. Sanders,* 125 N.M. 147 (N.M. 1998) (unpublished).

### B.  State Habeas

Having exhausted his direct appeal remedies, on October 16, 1998 Petitioner filed *pro se* for a writ of state habeas corpus raising the same three grounds as raised on direct appeal.  *Ex. T*.  The trial court summarily denied the petition on procedural grounds, finding that "the subject matter of the petition is the same as the issues raised by petition on direct appal and petitioner is not entitled to redetermination of issues previously addressed."  *Ex. U*.  Petitioner filed for a writ of certiorari with the New Mexico Supreme Court arguing his three issues on the merits.  *Exh.* V. Certiorari was denied in an unreported opinion dated November 30, 1998.  *Exh. W*.

Petitioner then filed a second petition for a writ of habeas corpus where he raised two new issues.  Based on "newly found evidence," he argued that trial counsel was ineffective for failing to request a lesser included instruction of simple possession in his case.  He also asserted that because the informant received time off her sentence, 18 U.S.C. § 201 had been violated.  *Exh. X*. He then filed a motion to "quash" his own petition asking that it be dismissed without prejudice so that he could "add more grounds in the said petition" and "seek further transcripts from this case on file . . . to support his other assertions."  *Exh. Y*.  The trial court permitted Petitioner to withdraw his motion and neglected to note whether the dismissal was with or without prejudice. *Exh. Z*.  When Petitioner sought to file his subsequent petition, what looks to be the signature of the same district judge denied him leave to proceed without paying the filing fee on the ground that "defendant continues to file repetitive frivolous habeas corpus actions."  *Ex. AA*.

A copy of the petition Sanders tendered at this time was not made part of the record but Sanders thereafter petitioned for a writ of certiorari to the New Mexico Supreme Court arguing the same two new issues and asserting that he should have received an evidentiary hearing.  *Exh.*

*BB*. After granting itself an extension, the New Mexico Supreme Court denied certiorari on September 15, 1999. *Exhs. CC, DD.*

### C. Federal Habeas Petition & Petitioner's "Motion To Strike"

Petitioner filed this action on October 12, 1999. As such, Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this case. *E.g., Paxton v. Ward,* 199 F.3d 1197, 1204 (10th Cir. 1999). Of the five claims he presented to the state courts, the four that Sanders pursues here are: (1) sufficiency of the evidence; (2) ineffective assistance of counsel for failure to challenge incriminating statements; (3) ineffective assistance of counsel for failing to request an instruction on simple possession; and (4) the § 201 claim. In addition, Sanders raises five new claims that have never been presented to the state courts: ineffective assistance of counsel for (1) failing to file a motion for severance; (2) failing to attack the informant's credibility; (3) failing to raise the § 201 claim; (4) failing to zealously represent him; and (5) a jury composition issue. Despite the new and unexhausted claims, Respondent filed its Answer "conced[ing] that Petitioner has exhausted his state court remedies as to the claims raised in this petition" and argues that the sole basis for denying the petition is that "petitioner has not shown that the state court determinations of his claims were contrary to clearly established precedents of the United State Supreme Court, or were based upon an unreasonable determination of the material facts." *Answer, ¶¶ 4, 6.*

Petitioner responded to the Answer, arguing that because it is titled an "Answer" but asks for denial or dismissal of the petition as relief, it does not comply with this Court's previous order or with Habeas Rule 5 and should be stricken. *Doc. 13.* Construing this response as a motion, I find that the Answer should not be stricken because it does substantially comply with Rule 5.

Also, the Habeas Rules do not necessarily preclude filing a pleading asking for dismissal. For example, Rule 11 permits the application of the Federal Rules of Civil Procedure to the extent "they are not inconsistent with" the Habeas Rules and "appropriate" to apply to a habeas petition. Thus, even if the Answer were titled a motion to dismiss, this Court does not apply civil dismissal standards to habeas petitions. It applies the AEDPA standards of review and the procedures outlined in the Habeas Rules. If habeas relief is not warranted under those standards, dismissal is warranted.

## II.  Applicable AEDPA Standards

Under cases governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court cannot grant a writ of habeas corpus unless (1) the state court decision is "contrary to, or involved an unreasonable application of . . . Supreme Court" precedent, or (2) is "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. §§ 2254(d)(1)-(2). As recently explained by the Supreme Court, a federal habeas court can only grant the writ if it finds that the

> state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case. . . . [The writ may not issue] simply because we conclude in our independent judgment that the state court applied the law erroneously or incorrectly. Rather, we must be convinced that the application was also objectively unreasonable.

*Van Woudenberg v. Gibson,* 211 F.3d 560, 566 & n. 4 (10th Cir. 2000) (citing *Williams v. Taylor,* 529 U.S. ___ , 120 S.Ct. 1495 (2000)). The first three claims that petitioner presented on direct appeal fall within this category of review. For the reasons set forth below, I find that the

6

state court's decision is not contrary or unreasonable under the AEDPA standards.

The AEDPA standards apply to state court decisions that consider the claim on the merits even if such decisions do not provide reasons or citation to authority. Where the state court decision does not provide a "reasoned application of the law to the facts," however, the federal habeas court must engage in an "independent review of the record and pertinent federal law" (as opposed to full *de novo* review) in applying the standards. *Aycox v. Lytle,* 196 F.3d 1174, 1176 (10th Cir. 1999). The two claims presented by Sanders in his second state habeas petition fall within this category because the summary finding that the third petition was a "repetitive frivolous habeas corpus action" is arguably a decision on the merits since frivolity connotes no merit. However, the trial judge did not provide his reasons for so finding. Having reviewed the record independently, and for the reasons set forth below, I find that this decision also is not contrary or unreasonable under the AEDPA standards.

Federal habeas courts also have the authority to dispose of unexhausted claims that are without merit. 28 U.S.C. § 2254(b)(2); *see also e.g., Slack v. McDaniel,* 529 U.S. ___, 120 S.Ct. 1595 (2000). Petitioner's unexhausted claims fall within this category and for the reasons set forth below are without merit.

### III. Analysis

**A. *Singleton* & Related IAOC Claim Under 18 U.S.C. § 201 Is Without Merit**

Petitioner's claim that because the informant in his case received "no time" in exchange for her cooperation violates 18 U.S.C. § 201 is based on the Tenth Circuit's *Singleton I* decision. Assuming for the sake of argument that the federal statute would even apply to a state prosecutor, the argument is without merit because that decision was overruled in *Singleton II. See United*

7

*States v. Singleton,* 165 F.3d 1297 (10th Cir.), *cert. denied,* 527 U.S. 1024 (1999). Furthermore, this finding renders his related unexhausted ineffective assistance of counsel claim without merit. Counsel cannot be found ineffective for failing to raise, nor can Petitioner found to be prejudiced on the basis of, a meritless claim. *E.g., Strickland v. Washington,* 466 U.S. 668 *(1984); Trice,* 196 F.3d at 1160-61 (applying *Strickland* in post-ADEPA case using 28 U.S.C. § 2254(d)(1) standard); *Martin v. Kaiser,* 907 F.2d 931, 935 (10th Cir. 1990) (failure to raise a meritless argument does not constitute ineffective assistance/prejudice under *Strickland*)

### B.  IAOC Claim For Failure To Challenge Incriminating Statements

Both in the state court proceedings and here, Petitioner argues that counsel was ineffective in failing to challenge the testimony because under state rules, statements undertaken during plea negotiations are privileged and cannot be introduced at trial. The New Mexico Court of Appeals found as a matter of fact that in an effort to "make a deal" after his arrest and Miranda warning, Sanders made unsolicited, voluntary incriminating statements to Officer Marmolejo, telling the officer that he "had sold cocaine and had been planning to sell more." *Exh. Q at 8.* At trial, Officer Marmolejo testified to the statements Sanders made without objection from defense counsel.

Where there is no evidence from which to infer that a defendant believes the statements cannot be held against him, an entirely voluntary offer of information made by a defendant after receiving Miranda warnings is not privileged. *Id. (citing State v. Anderson,* 116 N.M. 599 (N.M. 1993)). The New Mexico Court of Appeals found that the circumstances in Sanders' case fell squarely within the holding of *Anderson.* Because Sanders had not shown that his statements were inadmissible, he "failed to make a prima facie case that his counsel erred." Petitioner does

8

not challenge the court's factual finding or raise any different factual basis for his claim here.[2]

To show ineffective assistance, Petitioner must overcome the "strong presumption" that counsel's conduct falls within the category containing a "wide range" of conduct considered to be trial strategy and deemed "reasonable professional assistance." *E.g., Hawkins v. Hannigan,* 185 F.3d 1146, 1152 (10th Cir. 1999). The conduct here falls within the reasonableness category because "[m]ere failure to object to evidence does not render an attorney ineffective," *Yarrington v. Davies,* 992 F.2d 1077, 1080 (10th Cir. 1993), and assuming there was error "[f]ederal habeas review is not available to correct state law evidentiary errors," *Smallwood v. Gibson,* 191 F.3d 1257, 1275 (10th Cir. 1999), *pet. for cert. filed 3/9/00.* With no basis for finding that the evidence would have been inadmissible under state law or that the state proceedings were fundamentally unfair, Petitioner also fails to establish prejudice, an independent basis upon which to find the ineffective assistance of counsel claim without merit. *E.g., Scoggin v. Kaiser,* 186 F.3d 1203, 1207 (10th Cir.), *cert. denied,* 120 S.Ct. 377 (1999).

---

[2] The appellate court rejected Sander's invitation to find that Sanders "was under the impression that the officers would somehow know that he did not intend the statements to be used against him" because it could not "make such a presumption absent a specific finding by the trial court that this was the case." It found that "defendant's remedy, if he has one, is not with the appellate process but with habeas corpus, where he may attempt to make a factual record to support his claim of ineffective assistance of counsel." *Exh. Q. at 9.* However, in his first state habeas petition and here, Sanders argues that he was trying to make a deal with the officers. Nowhere does he claim that he was doing so in reliance on the evidentiary prohibition or some other expectation of confidentiality or that the officers should have assumed or known that based on what he said and did. Instead, in asserting why counsel was ineffective, he argues a failure to investigate claim – that because trial counsel failed to adequately explain on the record why he did not make an objection to Marmoleo's testimony, it follows that counsel must not have listened to the tape recordings of his statements to the police. *See Exh. T at 7-8; Doc. 1.* For the reasons set forth above, particularly the lack of prejudice, this assertion is without merit.

### C.  Sufficiency of Evidence & Related IAOC Claim

On direct appeal, the State argued that despite the small quantity of drugs found in Sander's possession, it had introduced sufficient additional evidence to support an inference of intent to distribute:

> the presence of "a variety of materials used to package drugs for sale . . . cut-up squares of magazine paper, balloons and plastic baggies . . . a plate with white residue, commonly used as a hard surface to cut or inhale cocaine . . . a number of clean, unused syringes . . . [officer testimony] that traffickers often sell cocaine already in a syringe, ready for immediate injection . . . used syringes like the ones in the room outside the back window, along with 'cookers' . . . [the informant having] told the police she had injected the cocaine for which she bartered stolen property . . . [officers pursued the codefendant who left Petitioner's motel room via] the bathroom window, and immediately saw him standing by a dumpster [in which the] police found a plastic baggie and paper bindle of white powder [containing an] amount enough to make about 10 bindles of cocaine [and was] packaged in the same manner as packaging found in Defendant's room . . . [officer testimony] that the syringes, packaging materials and other paraphernalia were more consistent with trafficking drugs that with simply using them [and Petitioner's] confession [that he was selling drugs].

*Exh. J at 10-12 (citing tapes of proceedings).*  Relying on this evidence and Petitioner's "attempt to exercise dominion and control over the pieces of paper by trying to push them under the bed with his foot," the New Mexico Court of Appeals rejected Petitioner's argument that the small quantity on him plus testimony that the paraphernalia was consistent with personal use could <u>only</u> support a jury verdict of personal use.  It found the evidence sufficient to support the "jury's verdict as well as the trial court's denial of Defendant's motion for a directed verdict" and that "it was for the jury to weigh the evidence and to decide what and whom to believe." *Exh. Q at 10-11*.

Though the state court decision did not specifically cite *Jackson v. Virginia,* 443 U.S. 307 (1979), the test for sufficiency of the evidence in New Mexico is the same as the federal due process standard. *E.g., State v. Sutphin,* 107 N.M. 126, 131 (N.M. 1988). The inquiry is whether, after viewing all of the evidence "in the *light most favorable to the prosecution, any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319 (emphasis original). A reviewing court cannot weigh conflicting evidence or make judgments about witness credibility. *E.g., Messer v. Roberts,* 74 F.3d 1009, 1013 (10th Cir. 1996). The Tenth Circuit has not resolved whether a sufficiency of the evidence claim is resolved as a question of law or fact under the AEDPA deference standards. *Valdez v. Ward,* ___ F.3d ____, 2000 WL 1034637 at *12-13 (10th Cir. 7/27/00). But based on the recitation of evidence above, I likewise find that the evidence was more than sufficient to find Sanders guilty of drug trafficking under any AEDPA standard.

Petitioner's related claim that trial counsel was ineffective in failing to request an instruction on the lesser included offense of possession is wholly without merit. Based on the materials filed by Petitioner's counsel on direct appeal, the record demonstrates that the instruction was in fact requested and was given. For example, the trial court granted defense counsel's motion for a directed verdict on the conspiracy count but denied a motion for a directed verdict on the trafficking count. It gave the trafficking "charge, along with a step-down instruction on Possession, . . . to the jury." *See Exh. I at 13 & n.7 (citing portions of the transcript and record).* It is evident to me that Petitioner complains that the jury was instructed on trafficking as to himself, while his codefendant succeeded in dismissal of both the conspiracy and trafficking charges and his case went to the jury soley on a possession charge. *Id.* Based on

11

Sanders' confession, both instructions to the jury were appropriate.

### D.  Remaining Unexhausted Claims Do Not Provide Grounds For Habeas Relief

Each of Petitioner's remaining claims are conclusory as well as without merit.  *See, e.g., United States v. Fisher,* 38 F.3d 1144, 1147 (10th Cir. 1994) ("we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and  without supporting factual averments.").

#### 1.  IAOC Claim Regarding Informant

Petitioner first argues that counsel failed to challenge the credibility of the informant, without further explanation.  My review of the record reveals that apparently only the officers testified – there is no indication that testimony was received from the informant, Sanders' codefendant, or Sanders.  An officer did reference that an informant told the officers that she traded stolen goods for drugs.  If this assertion concerns the finding of guilt, given the sufficiency of the evidence discussion, even if counsel's conduct was unreasonable, the record establishes no prejudice.

If this assertion concerns the validity of the warrant, it is also without merit but for different reasons.  The officer testified that when he questioned the informant that she appeared "intoxicated."  *Exh. I at 2.*  Defense counsel did not challenge the issuance of the warrant at the motion to suppress.  *Id.*  Even though *Stone v. Powell* doctrine bars review of a suppression claim, a federal habeas court may review ineffective assistance of counsel claims based on counsel's failure to pursue a motion to suppress.  For this type of claim, among other things, Petitioner must establish that "his Fourth Amendment claim is meritorious."  *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1985) (emphasis added); *see also e.g. Huynh v. King,* 95 F.3d

1052, 1058 (11th Cir. 1996).

The informant in Sanders' case had been arrested within hours of a robbery and was cooperating with the officer who was investigating the crime. The officer testified that his main interest was in securing the return of the stolen goods. He further testified that the informant told him she traded the TV set and the silverware in Rooms 22 and 23 of the Paradise hotel from a black man named Tom, a white woman named Lilly, and a black man named "Fish." The officer testified that despite her 'intoxication," the informant was "coherent enough to understand and answer questions." *Exh. I, at 2.* I find that these facts and circumstances are sufficient to establish probable cause to issue the warrant and that the decision of the judicial officer who authorized the warrant therefore was not contrary or unreasonable under AEDPA.[3]

### 2. IAOC Claim Regarding Zealous Representation

Petitioner cites no facts in support of his conclusion that his counsel failed to zealously represent him. Having reviewed the entire record, I find to the contrary. Given the evidence and Sanders' prior history, counsel's tactical choices in moving to suppress and arguments he made on appeal demonstrate a rigorous defense under the circumstances.

### 3. IAOC Claim Regarding Severance

Petitioner makes the conclusory assertion that trial counsel should have moved for a severance. Whether a severance is warranted presents a question of state law that is not cognizable in the first instance and a bald assertion that a severance should have been granted,

---

[3] I note that on appeal defense counsel inferred the that officer should have done more to corroborate the information, such as learn the identity of the occupants of the motel rooms before securing the warrant. But given that time can be of the essence in retrieving stolen goods, I cannot fault the officer for failing to do so. And, as pointed out by the state, one of the officers who assisted in executing the warrant knew Sanders as "Fish" and that he lived in the motel room. *Exh. J, at 1-2.*

does not entitle Petitioner to habeas relief. Petitioner points to no evidence in support of this claim. On the basis of this record, I find nothing to support a finding that being tried together prejudiced Sanders, much less the "strong showing" that is required to sustain an claim that a severance should have been granted. *See Cummings v. Evans,* 161 F.3d 610, 619 (10th Cir. 1998), *cert. denied,* 526 U.S. 1052 (1999).

### 4. Jury Venire Claim

Finally, Petitioner claims that there were no black jurors in the jury pool from which his jury was drawn. While he cites *Batson,* he makes no allegations concerning peremptory challenges – indeed, he argues that there were no blacks on the panel at all. As such he is raising a "fair cross section" claim under the a Sixth Amendment claim and it is without merit.

Sanders incorrectly asserts that the burden is on the State to show that "no other black/afro americans live in the community." Rather, Petitioner bears the burden to establish a *prima facie* case, and it is not enough to simply show that there were no jurors of his own race in his jury venire or on his jury. Sanders must show that the underrepresentation is the result of systematic and deliberate exclusion from the manner in which potential jurors are selected for duty. *E.g., Trujillo v. Sullivan,* 815 F.2d 597, 610 (10th Cir.), *cert. denied,* 484 U.S. 929 (1987); *Splain v. Newton,* 161 F.3d 18 (10th Cir. 1998) (unpublished, noting that "the African American population in the relevant area was small enough that the absence of any African-Americans from the venire was not statistically unlikely"). For the foregoing reasons, I find none of the claims afford a basis for habeas relief.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

1. To the extent Petitioner's Response To Defendant's Motion To Dismiss Or Answer, *Doc 13,* asks the Court to strike the Answer, the motion should be denied; and

2. The petition be denied and this action dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

                                                                                      _____
                                                                                      UNITED STATES MAGISTRATE JUDGE